JEROME T. FIELD AND HELEN GRACE KEARNEY, AD-MINISTRATORS OF THE ESTATE OF EDWIN J. FIELD, DECEASED, RESPONDENTS, v. EDWARD LUKOWIAK ET AL., APPELLANTS.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellants, *Sara V. Dunn.*

For the respondents, *Albert F. Bender.*

The opinion of the court was delivered by

LLOYD, J. The action was on an irregularly signed promissory note and resulted in a verdict being directed for the

plaintiffs. The defendants appeal and claim that motions for nonsuit and for direction were improperly refused, and that there was error in rulings on evidence.

We can deal only with the rulings on the motions. The grounds of appeal are wholly inadequate to bring up any concrete rulings on evidence.

As to the motions. The defendants' signatures on the note in question were in the upper left-hand corner of an ordinary printed form. The note read as follows:

"$1,600                                    August 15th, 1931.

Edward Lukowiak, Jos. M. Lukowiak, Anna Lukowiak, Helen Lukowiak

On Demand after date promise to pay to the order of E. J. Field, Sixteen Hundred Dollars at 5%

Payable to E. J. Field, personally.

Value received. Sixteen Hundred Dollars.

No. 1.     Due on Demand."

The grounds of the motions for nonsuit and direction were that the signatures were so irregular as to constitute the signers endorsers rather than makers under section 63 of the Negotiable Instruments act (3 *Comp. Stat.*, *p.* 3742) which provides that "a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser, unless he clearly indicates by proper words his intention to be bound in some other capacity," and that, the note being payable on demand, as endorsers the defendants were entitled to notice of dishonor within a reasonable time after the note was drawn.

Reliance was also placed on section 17 of the same act (page 3737) to the effect that "where the signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is deemed to be an endorser."

No contention seems to have been made that the paper did not import an obligation, nor could there be. The position of the signature on the paper is immaterial if it clearly appears to have been intended as such. 8 *Corp. Jur.* 108, and cases there cited. While the signatures in the present

instance are at the top rather than at the lower right-hand corner of the paper as is usually the case, it clearly imports an intention to be bound thereby, and it is equally clear that it must have been as makers; otherwise there are no makers and consequently no endorsers. They were the persons primarily liable, and absolutely required to pay the note. (See section 192 of the same act.) They were neither endorsers nor drawers, and therefore not entitled to demand for payment or notice of non-payment. (Section 89, *Ibid.*)

The note imported an obligation to pay. No defense was shown and the learned judge was right in refusing to nonsuit the plaintiffs and in directing the verdict for the plaintiffs.

The rulings on the admission or rejection of evidence are not properly brought before us by any of the grounds of appeal (*Cheshansky* v. *Merchant's Fire Insurance Co.,* 102 *N. J. L.* 414; *Frank* v. *Security Insurance Co., Ibid.* 647), and are therefore not considered.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.